UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:97-cr-00118-RLY-MG-2 |
| v. | ORDER ON RENEWED MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GREGORY C. JONES | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:97-cr-00118-RLY-MG |
| | ) | |
| GREGORY C. JONES, | ) -02 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Gregory C. Jones has filed a renewed motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 210. Mr. Jones seeks immediate release from incarceration based on his unusually long sentence and his desire to help care for his elderly mother. *Id.* For the reasons explained below, his motion is **DENIED**.

**I.      Background**

In 1997, a grand jury charged Mr. Jones with two counts of carjacking in violation of 18 U.S.C. § 2119 (Counts 1 and 5), one count of bank robbery in violation of 18 U.S.C. § 2113 (Count 3), and three counts of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2, 4, and 6). Dkt. 14-2. A jury convicted Mr. Jones on all counts. Dkt. 14 at 4. The court imposed an aggregate sentence of 675 months' (56.25 years) imprisonment: 135 months on Counts 1, 3, and 5 to be served concurrently; a 60-month consecutive sentence on Count 2; a 240-month consecutive sentence on Count 4; and a 240-month consecutive sentence on count 6. Dkt. 14-3. At the time, the consecutive sentences for the § 924(c) counts—which made up 45 years of the 56.25-year sentence—represented the mandatory minimum sentences for those counts under the so-called "stacking" provisions of § 924(c) as it existed at the time. 18 U.S.C. § 924(c)

1

(effective Oct. 11, 1996, to Nov. 12, 1998). The Bureau of Prisons ("BOP") currently reports Mr. Jones' anticipated release date (with good-conduct time included) as August 30, 2045. *See* https://www.bop.gov/inmateloc/ (last visited May 2, 2025).

In 2024, Mr. Jones filed a motion for compassionate release. The court denied the motion in 2024 because he failed to exhaust his administrative remedies before filing the motion. Dkt. 204. Nearly two months later, Mr. Jones, represented by retained counsel, filed a renewed motion for compassionate release. Dkt. 210. The United States opposes the motion. Dkt. 214. The motion is now ripe.

## II. Discussion

Mr. Jones has served more than 25 years of his 56.25-year sentence and asks the court to reduce his sentence to time served, which would result in his immediate release. Dkt. 210 at 7. He seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). *Id*. He sets forth two potentially extraordinary and compelling reasons for release: (1) he is serving an unusually long sentence that would likely be much shorter if imposed today due to the so-called "anti-stacking" amendment to § 924(c), and (2) his desire to care for his elderly mother, who has stage four kidney failure and suffered a recent heart attack. *Id*. at 4-5.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must

2

"consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying circumstances that qualify as "extraordinary and compelling" under § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13 (Nov. 2023).

### A. Unusually Long Sentence

Mr. Jones contends that he can show extraordinary and compelling reasons for a sentence reduction under the "Unusually Long Sentence" provision of the policy statement, which is codified at U.S.S.G § 1B1.13(b)(6). Under that provision:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.* * *

U.S.S.G. § 1B1.13(b)(6). Mr. Jones argues that he meets the requirements of this provision because his 56.25-year sentence is unusually long, he has served at least ten years of his sentence, and an intervening law change produced a gross sentencing disparity between the sentence he received and the sentence he would likely get today. Dkt. 210 at 6-7. Specifically, Mr. Jones received a mandatory minimum sentence of 540 months for his three § 924(c) convictions when he was sentenced in 1998. *Id*. But, due to the anti-stacking amendment to § 924(c), the mandatory minimum sentence for those convictions would only be 180 months if Mr. Jones were sentenced today. *Id.* Mr. Jones argues that the 30-year difference between those mandatory minimum

3

sentences creates a gross disparity between the sentence he received and the sentence he would likely receive if sentenced today. *Id.*

The Seventh Circuit, however, recently held that this provision of the policy statement is invalid as applied to the anti-stacking amendment to § 924(c). *United States v. Black*, 131 F.4th 542 (7th Cir. 2025). The Seventh Circuit held in *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), that the anti-stacking amendment to § 924(c) cannot be considered an extraordinary and compelling reason for sentence reduction "whether alone or in combination with other factors" because Congress specifically provided that the amendment did not apply retroactively. At the time, there was no applicable policy statement defining the meaning of "extraordinary and compelling." After *Thacker* was decided, the Sentencing Commission issued a policy statement, including § 1B1.13(b)(6), which directly conflicts with *Thacker*'s holding.

In *Black*, the defendant made the same argument as Mr. Jones—that he had shown extraordinary and compelling reasons for a sentence reduction because he met the criteria of § 1B1.13(b)(6) based on the anti-stacking amendment to § 924(c). The Seventh Circuit addressed the conflict between *Thacker* and § 1B1.13(b)(6) and reaffirmed *Thacker*'s holding that the anti-stacking amendment cannot be an extraordinary and compelling reason (either by itself or in combination with other factors) for a sentence reduction. *Black*, 131 F.4th at 548. In so holding, it rejected the argument that *Thacker*'s holding was a "temporary" one that only applied so long as there was no applicable policy statement from the Sentencing Commission, finding that the *Thacker* decision directly interpreted the statute. It also reasoned that the Commission overstepped its statutory authority in adopting § 1B1.13(b)(6). By statute, the Commission's guidelines and policy statements must be "consistent with all pertinent provisions of any Federal statute." But the *Thacker* court already concluded that considering the changes to § 924(c) in the "extraordinary and

compelling" analysis contradicted Congress's direction that the changes to § 924(c) not be retroactive. Thus, because *Thacker*'s interpretation of the statute remains binding law, the court concluded that it controls over the newly adopted policy statement.

Mr. Jones' argument that he has shown extraordinary and compelling reasons for a sentence reduction based on the anti-stacking amendment to § 924(c) is directly foreclosed by *Black*. Accordingly, the court cannot consider the change in law, whether alone or in combination with any other factors, in determining whether Mr. Jones has established an extraordinary and compelling reason for a sentence reduction.

### B. Mother's Health

That leaves Mr. Jones' argument that his desire to help care for his mother represents an extraordinary and compelling reason to reduce his sentence. Mr. Jones' mother has submitted a declaration stating under penalty of perjury that she is eighty-seven years old, has stage four kidney failure, and recently suffered a heart attack. Dkt. 210-3 at 1. She avers that she needs help to do daily tasks. *Id*. She explains that her daughter and brother help care for her from time to time, but her daughter works long hours and is raising five children, and her brother is 90 years old and has his own health issues. *Id*. at 2. Based on this declaration, Mr. Jones argues that his mother "needs 24-hour care," he is "the only alternative individual who could provide this [24-hour] care," and his release is "necessary to supplement the care provided by both his uncle and sister." Dkt. 210 at 4-5.

As relevant here, U.S.S.G. § 1B.13(b)(3)(C) provides a court may find extraordinary and compelling reasons warranting a sentence reduction under the following circumstances:

> The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

The court is sympathetic to Mr. Jones' desire to help care for his mother. The court also does not doubt that she is experiencing serious health issues and appreciates that her health issues may make life more difficult. Mr. Jones has not, however, met his burden to show that his mother is incapacitated or that he is the only available caregiver for his mother.

Specifically, Mr. Jones argues that his mother needs 24-hour care, but no evidence supports that assertion. He has not submitted any medical records, a doctor's note, or any other evidence suggesting that his mother is so incapacitated as to require such a level of care. His mother avers only that she needs help with normal, everyday tasks. That general statement is, however, insufficient to show that she is incapacitated. The court also appreciates that Mr. Jones' mother's daughter and brother cannot provide her with consistent assistance, but there is no evidence suggesting that Mr. Jones is the only other available caregiver. In summary, the court concludes that he has not met his burden to show that his desire to care for his mother is an extraordinary and compelling reason for release.

### III.   Conclusion

For the reasons stated above, Mr. Jones' renewed motion for compassionate release, dkt. [210], is **denied**.

**IT IS SO ORDERED.**

Date:  5/02/2025

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gregory C. Jones
Reg. No. 19935-039
USP Atwater
U.S. PENITENTIARY
P.O. BOX 019001
ATWATER, CA 95301

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
terry@bmtindy.com

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE
james.warden2@usdoj.gov

Meredith Wood
DOJ-USAO
meredith.wood@usdoj.gov